**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  26-CR-20081-ALTMAN**

UNITED STATES OF AMERICA

v.

EMMANUEL SYLVESTRE,

**Defendant.**

_____/

**UNITED STATES' MOTION *IN LIMINE***
**TO PRECLUDE EVIDENCE, ARGUMENT, AND QUESTIONING REGARDING**
**SELECTIVE PROSECUTION**

The United States, by and through the undersigned Special Assistant United States Attorney, respectfully files this Motion *in Limine* to preclude testimony, evidence, and argument regarding selective prosecution in the instant case, both as a procedural matter and under Federal Rules of Evidence 401 and 403.  In support of this motion, the undersigned states the following:

**BACKGROUND**

On or about November 6, 2025, Homeland Security Investigations (HSI) agents received records indicating that Emmanuel Sylvestre ("Defendant") registered to vote in July 2018 and August 2024.  Records also indicated that Defendant voted in both the 2020 and 2024 General Elections.  Defendant is a citizen and national of Haiti and obtained Lawful Permanent Resident status in the United States on or about June 26, 2000.  Defendant has never applied to become a naturalized citizen of the United States.

1.  <u>All Evidence, Argument, and Questioning Concerning Defendant's Claim That He Is a Victim Of Selective Prosecution Should Be Excluded.</u>

The United States anticipates Defendant will assert he is a victim of selective prosecution during trial.  The United States expects Defendant to argue that he is only being prosecuted because he registered as a Democrat on his voter registration card.  Such claim is factually untrue, is completely irrelevant, and would only serve to mislead the jury and confuse the issues at trial.

Selective prosecution has no bearing on a factual determination of guilt and is an issue for the Court to decide.  *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995).  In fact, selective prosecution is not a defense to criminal charges at all.  *Id*.  Federal Rules of Criminal Procedure 12(b)(3)(A)(iv) specifically states that any claim of selective prosecution must be made before trial.  *See Fed. R. Crim. P. 12*.  To claim selective prosecution, Defendant bears a "heavy burden" of showing by clear evidence the following:

(1) that he has been singled out for prosecution although others similarly situated have committed the same acts have not been prosecuted; and

(2) that the government's selective prosecution of him has been constitutionally invidious.

*Jones*, 52 F.3d at 927 (*quoting Jones v. White*, 992 F.2d 1548, 1571 (11th Cir. 1993)).  Such motion by Defendant can only be granted through a showing of "facts sufficient to raise a reasonable doubt about the prosecutor's motive."  *Id*. (*quoting Jones*, 992 F.2d at 1572).  If no motion is raised prior to trial, Defendant waives the selective prosecution defense.  *United States v. Scrushy*, 721 F.3d 1288, 1305 (11th Cir. 2013).

The Defendant has yet to raise such issue prior to trial; however, even if he did, any attempt to bring the issue before the jury is irrelevant and should be excluded as it is not a probative issue to be brought before the jury.  Even if such claim were relevant at trial, it should be excluded under Rule 403 because its probative value is substantially outweighed by the risk of unfair prejudice,

confusion, misleading the jury, waste of time, and undue delay.  Its only possible use could be to generate sympathy for Defendant or against the government.

**CONCLUSION**

WHERERFORE, the United States respectfully requests this Court grant its Motion *in Limine* and preclude Defendant from presenting any testimony, evidence, and argument regarding selective prosecution in the instant case

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   /s/ *Jeffrey M. Pierce*  
      Jeffrey M. Pierce  
      Special Assistant United States Attorney  
      Florida Bar No. 1002549  
      99 N.E. 4th Street  
      Miami, Florida 33132  
      (786) 647-9232  
      Jeffrey.Pierce@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of April 2026, the undersigned electronically filed the foregoing Motion *in Limine* with the Clerk of the Court using CM/ECF, and that the undersigned counsel attempted to confer with opposing counsel of record in good faith to resolve the issue before filing.

      /s/ *Jeffrey M. Pierce*  
      Jeffrey M. Pierce  
      Special Assistant United States Attorney

3
