UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-20081-CR-ALTMAN

UNITED STATES OF AMERICA,

vs.

EMMANUEL SYLVESTRE,

Defendant.

_____/

## REPLY IN SUPPORT OF MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE

Emmanuel Sylvestre, through undersigned counsel, respectfully replies in support of his Motion for Supplemental Jury Questionnaire (DE 41) ("Questionnaire Motion"). For the foregoing reasons, the Court should grant Mr. Sylvestre's request to send his proposed supplemental questionnaire to the qualified jury wheel assigned to his trial period.

In essence, this Questionnaire Motion follows up on Mr. Sylvestre's previously filed Motion for Access to Jury Selection Records and Materials (DE 19) ("Jury Motion"). In the Jury Motion, Mr. Sylvestre requested information on how many people on the qualified jury wheel are foreign-born citizens so that he could establish that this District's jury plan systematically excludes foreign-born citizens from jury service. (DE 19 at 15). At a hearing in this case, the Court addressed the Jury Motion:

1

> "I'll grant you access to whatever [the Clerk of Court is] willing to provide. I don't know the details, and [the Clerk of Court] wasn't able to tell me specifically. And then if it's not enough or there's something you think you didn't get . . . don't ask for everything, just – if there's something in particular, you can always come back to me, of course talk to the government first, and then I'll work with [the Clerk of Court] to try and get it for you. Okay?"

(DE 43 at 3–4). Accordingly, Mr. Sylvestre has filed this Questionnaire Motion because this District's jury administrator informed undersigned counsel that she could obtain the requested information from the qualified jury wheel only through a supplemental questionnaire, and that the Clerk of Court requires a separate court order before sending out such a questionnaire. As instructed by the Court, undersigned counsel conferred with the Government regarding the supplemental questionnaire. The Government does not agree to sending one to those on the qualified jury wheel.

The Government opposes sending out the supplemental questionnaire for two reasons. Its first reason does not even address the supplemental questionnaire. Instead, the Government reverts to a previous argument about why it believes Mr. Sylvestre will not be able to establish a prima facie case that the District's jury plan violates the Sixth Amendment.[1] Specifically, the Government repeats its argument that foreign-born citizens are not a "distinctive group"; in other words, that Mr.

---

[1] The Government contends that Mr. Sylvestre "makes no argument in his motion as to how he satisfied prong one of the *Duren* test[.]" (DE 44 at 2–3). That's because he already did that in the Jury Motion, (*see* DE 28 at 2–5).

Sylvestre cannot establish **prong one** of the prima facie test.[2]  (*See* DE 44 at 2–3). Mr. Sylvestre's supplemental questionnaire seeks information relevant to **prong two** of the prima facie test—namely, that an unreasonable disparity exists between the number of foreign-born citizens in the community and the number on the qualified jury wheel.

Significantly, this Court already decided that it wanted to determine whether Mr. Sylvestre could establish prong two of the prima facie test before delving into prong one:

> THE COURT: Here's the thing.  If you get the data and the numbers approximate what I've suggested here today [that Mr. Sylvestre cannot establish prong two], you should – I mean, you don't need to file your motion, right?
>
> MS. HOFFMAN: Right.
>
> THE COURT: And that way we don't even need to get into whether it's a distinctive group or not a distinctive group.

(DE 43 at 11).  Now, the Government seems to ask this Court to reconsider its decision to evaluate prong two first.  There is no reason to reconsider.  The proposed supplemental jury questions are minimally intrusive, the Clerk of Court is familiar with the process of sending out supplemental jury questionnaires, and first answering prong two of the prima facie test may avoid addressing a novel legal

---

[2] In repeating its argument regarding prong one, the Government largely copies and pastes from its Response to the Jury Motion, (*see* DE 27 at 2–3).  Correspondingly, Mr. Sylvestre refers to his Reply in support of the Jury Motion, which distinguishes the Government's case law, (*see* DE 28 at 1–3).  The only new case the Government cites now that was not in its Response to the Jury Motion is *Cox v. Montgomery*, 718 F.2d 1036 (11th Cir. 1983).  But *Cox* did not address whether foreign-born citizens are a distinctive group and the court's conclusion did not include its reasoning.

issue, that is, whether foreign-born citizens are a distinctive group.

The second reason the Government opposes Mr. Sylvestre's Questionnaire Motion is simply that this Court has not previously sent a supplemental questionnaire for this purpose. But just because a criminal defendant has not raised the same challenge to this District's jury plan before does not mean the challenge is foreclosed. To be sure, defendants in this District have raised Sixth Amendment challenges to this District's jury plan based on race disparities. *See, e.g.*, *United States v. Rodriguez*, 776 F.2d 1509, 1511–12 (11th Cir. 1985) (affirming district court's order rejecting argument that representation of blacks and Hispanics was unfair and unreasonable on the qualified jury wheel in the Miami Division of the Southern District of Florida). But while the Clerk of Court regularly collects information regarding jurors' race, she does not collect information regarding jurors' citizenship status at birth.

Preventing Mr. Sylvestre from learning the number of foreign-born citizens on the qualified jury wheel necessarily forecloses his constitutional challenge, not because it lacks merit but because he has been denied the means to develop it. Mr. Sylvestre presents a colorable challenge to this District's jury plan. (*See* DE 19). The Court should give Mr. Sylvestre the means to develop it. And if the data does not result in the disparity he contends exists, this Court need not address the novel issues raised in the remaining prongs of the prima facie test.

4

For the foregoing reasons, the Court should grant the Questionnaire Motion (DE 41) and order the Clerk of Court to send out the proposed supplemental jury questionnaire to the qualified jury wheel assigned to his jury trial.

**Respectfully submitted,**

**HECTOR A. DOPICO**
**FEDERAL PUBLIC DEFENDER**

By:     */s/Alexandra Hoffman*
Alexandra Hoffman
Assistant Federal Public Defender
Florida Bar No. 1011796
150 W. Flagler Street, Suite 1700
Miami, Florida  33130
Tel:   305-530-7000
E-Mail Address: alexandra_hoffman@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/Alexandra Hoffman*
Alexandra Hoffman